IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFERY ALONZO SIMMS, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>M.D. HARRY M. FREEMAN, )<br>DR. DONNA BURNS and MAJOR )<br>R.L. HUGHES, )<br>)<br>    Defendants. ) | Civ. No. 04-1205-SLR |

**O R D E R**

At Wilmington this 18th day of August, 2005, having considered plaintiff's motion for appointment of counsel;

IT IS ORDERED that said motion (D.I. 36) is denied for the reasons that follow:[1]

1. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

2. It is within the court's discretion, however, to seek representation by counsel for plaintiff, but this effort is made only "upon a showing of special circumstances

---

[1] Plaintiff's motion for leave to proceed in forma pauperis (D.I. 37) is denied as moot.

indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

    3. Having reviewed plaintiff's papers in light of the authority outlined above, the court does not find plaintiff's allegations of such a complex nature that representation by counsel is warranted at this time.

                                                            _____
                                                            United States District Judge