IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY ALONZO SIMMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-1205-SLR |
| | : | JURY TRIAL OF 12 DEMANDED |
| HARRY M. FREEMAN, M.D., | : | |
| DONNA BURNS, DR., and | : | |
| MAJOR R. L. HUGHES, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT HARRY M. FREEMAN, M.D.'S
INTERROGATORIES DIRECTED TO PLAINTIFF**

1. With reference to every act, failure to act, course of treatment, failure to treat, diagnosis or failure to diagnose, analysis or failure to analyze which you claim was performed by the defendant, or his or its agents, servants or employees, which you claim was an instance of negligence in connection with your treatment or care, whether or not known to you personally, if you or your attorney or anyone acting on your behalf has been informed of such instance, state what was done or not done which you claim constituted negligent, what you claim should have been done or should not have done instead of what was done or not done, and the name and addresses of all persons having expert knowledge or skill in the healing arts who have knowledge of the facts stated in answer to this interrogatory.  (Note:  Whether the person claimed to be the subject of the malpractice is deceased or incompetent, the second person pronouns refer to such person with reference to his treatment and its consequences.

**ANSWER:**

2. Give the names and addresses of every person who has knowledge of any facts stated in the allegations of the complaint.

**ANSWER:**


3. If any statement was obtained from you, any other party, witness, or any other individual with respect to the incident of which you complained or with respect to the alleged injuries or damages resulting from the incident of which you complained or with respect to the alleged injuries or damages resulting from the incident of which you complained or with respect to any insurance coverage pertaining to the incident of which you complained, state the following for each such statement the name, address, employer and address of the employer of the individual giving the statement; the name, address, employer and address of the employer of each individual to whom the statement was given; the date of the statement; the subject matter of the statement; the name, address, employer and address of the employer of each individual who presently has a copy of the statement in his custody, control or possession; the nature of the statement, (i.e., oral, written, recorded, written or recorded summarization of oral statement, etc.)

**ANSWER:**


4. State with respect to each written or recorded report which exists concerning the incident of which you complained, the injuries or damages alleged to have resulted from the incident of which you complained, and any insurance coverage which may pertain to the incident of which you complained, the name, address, employer and

address of the employer of the individual making the report; the name, address, employer and address of the employer of each individual to whom the report was directed; the date of the report; and the subject matter of the report; the name, address, employer and address of the employer of each individual who presently has a copy of the report in his custody,
control or possession.

**ANSWER:**


5. Did you have any conversation or overhear any conversation, or do you know of anyone who has had any conversation or overheard any conversation, with any of the other parties to this lawsuit, or with anyone appearing to be an agent of any party, concerning the incident of which you complained at any time following the incident of which you complained?

**ANSWER:**


6. If your answer to the preceding interrogatory is in the affirmative, state with respect to each such conversation the name, address, employer and address of the employer of each individual who was a party to the conversation; the date of the conversation; the subject matter of the conversation; the content of the conversation; the name, address, employer and address of the employer of each individual who was present during the
conversation but who was not a party to the conversation.

**ANSWER:**

7. State your date of birth and Social Security Number; your present address; your address at the time of the incident of which you complained; the name and address of your present employer; your marital status and the date of your marriage, if any; and the names and dates of birth of your children, if any.

**ANSWER:**

8. With reference to any expert you expect to call to testify as a witness at the trial, state the name and address of such expert, and, as to each expert named, state the subject matter on which the expert is expected to testify and the substance of the facts and opinions to which the expert is expected to testify.  (This interrogatory refers to both "liability" experts (e.g. doctors) and "damages" experts (e.g. economists.)

**ANSWER:**

9. Identify whether there is any expert known to plaintiffs that these defendants acted in any manner deviating from that degree of skill and care ordinarily employed in the Wilmington, Delaware, community and, if so, identify such expert, his address, his employer, his specialty, and whether he purports to be "personally familiar" with that degree of skill and care ordinarily employed by a physician such as the defendant in his specialty in the Wilmington, Delaware community as of the time of the incident of which plaintiff complains and if so, identify in detail what such expert relies upon as allegedly giving him such "personal familiarity".

**ANSWER:**

10. Describe all of the employments in which you have engaged from 10 years prior to the alleged wrong to the present including the name and address of our employer during each period of time when you were working, the date when you worked for each such employer, the name of your immediate superior at each such place of employment, your rate of pay, your job titles and responsibilities, and the reason for your termination of each such employment.

**ANSWER:**


11. State whether you are willing to execute a written authorization to inspect the records of hospitals and doctors who have rendered any medical treatment to you or conducted any examination of you.  If the answer is "yes", please execute two copies of the medical authorizations attached to these interrogatories.

**ANSWER:**


12.  If you were under the care of a physician, surgeon or other medical personnel for any reason other than the care of an ordinary cold or similar complaints within ten years before the alleged wrong, give the name and address of each such person and, as to each such person named, state the date or dates of treatment, a specific  description of the nature of the complaints, illnesses, diseases, injuries or other cause for such examination or treatment, a specific description of the nature of such examination or treatment, and whether such care by such person cured or cleared the problem for which the treatment was administered and, if not, what residual complaints or problems remained.

**ANSWER:**


13. If you have been under the care of a physician, surgeon or other medical personnel, since the date of the alleged wrong at any time, other than as stated in answer to prior interrogatories, give the name and address of such person and, as to each such person named, state the date or dates of such care, a specific description of the nature of the complaints, illnesses, diseases, injuries or other cause for such examination or treatment, a specific description of the nature of such examination or treatment, whether such care by such person cured or cleared the problem for which the treatment was administered and, if not, what residual complaints or problems remained.

**ANSWER:**


14. Insofar as you have been admitted to any hospital or medical institution since the date of the alleged wrong, whether as an out-patient or in-patient, state the name and address of the hospital and state the date or inclusive dates of such admission, the purpose of such admission, the nature of the examination conducted or treatment given, and the name and address of the physician or other person schooled in the healing arts who rendered such examination or treatment.

**ANSWER:**

15. If you have received any psychological or psychiatric examination or treatment within the last five years, give the name and address of the person rendering such examination or treatment and the date or dates of such examination or treatment and a specific description of the nature of such examination or treatment.

**ANSWER:**

16. If you have had any time in your life up to the date of answering these interrogatories any sickness, injuries, or disabilities not specifically described in answers to previous interrogatories, and excluding ordinary childhood diseases, describe each such sickness, injury or disability separately and as to each state its inclusive dates, the nature of its treatment, the name and address of the person trained in the healing arts who administered such treatment and whether any residual effects of such sickness, injury or disability remained at the time of the events which are the subject of this litigation and, if so, what such residual effects were.

**ANSWER:**

17. If you claim the right to recover any "out-of-pocket" expenses, including, but not limited to, medical expenses, itemize such expense and state a specific description of each expense, the date when it was incurred, to whom it was incurred, and for what it was incurred.

**ANSWER:**

18. If you claim you sustained any loss of income or earning power as a result of the incident which is the subject of this litigation either in the past, present or in the future, state the total value of the loss you claim you sustained; the inclusive dates when you claim to have been wholly unable to work as a result of the incident and the reason you were unable to work on such dates; a specific description of the type or types of work you would have been performing or would have been able to perform during the period stated; the rate of income you would have been able to receive except for the incident (as, for instance, $1.00 per hour, $50 per week, etc.); the name and address of the person, corporation or other entity which would have been your employer; the total amount of money you had been paid by the employer during each of the four years preceding the incident which is the subject of this litigation; and, with reference to your federal income tax returns, state the amount of income declared for each of the six years preceding the answering of this interrogatory.

**ANSWER:**

19. With reference to each accident of any nature in which you were involved prior to or subsequent to the time of the alleged wrong here, state the date of the accident, a detailed explanation of the injuries which you received in the accident, the health care provider who treated you for the injuries involved in the accident, the name and address of the individual or entity, including but not limited to the police, who investigated the accident, and the name, address, phone number and employer's address of each person who has knowledge of the accident.

**ANSWER:**

                ELZUFON, AUSTIN, REARDON,
                TARLOV & MONDELL, P.A.


                /S/<u>Jeffrey M. Austin</u>
                JEFFREY M. AUSTIN, ESQUIRE #2158
                300 Delaware Avenue, Suite 1700
                P.O. Box 1630
                Wilmington, DE 19899-1401
                (302) 428-3181
                Attorney for Defendant,
                Harry M. Freeman, M.D.


JMA\kmbl
Dated: December 12, 2005
G:\Docs\CLIENT\31312\16115\pleading\00313673.DOC