IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY ALONZO SIMMS, | : |
| Plaintiff, | : C.A. No. 04-1205-SLR |
| v. | : |
| | : TRIAL BY JURY OF |
| | : TWELVE DEMANDED |
| HARRY M. FREEDMAN, M.D., | : |
| DONNA BURNS, DR., and | : |
| MAJOR R. L. HUGHES, | : |
| Defendants. | : |

**DEFENDANT HARRY M. FREEDMAN, M.D.'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, defendant Harry M. Freedman, M.D. (hereinafter referred to as "Dr. Freedman"), by and through undersigned counsel, and moves this Honorable Court pursuant to Federal Rule of Civil Procedure 56 for dismissal of plaintiff's complaint. In support of his motion, Dr. Freedman offers the following:

1. This suit, a copy of which is attached, (Exh. A) was filed by plaintiff under the Civil Rights Act, 42 U.S.C. § 1983

2. In his statement of claim, plaintiff asserts that on August 24, 2004 he was denied emergency treatment. Consequently, he claims that he sustained disfigurement to his maine (sic) leg and that Dr. Freedman misconceived his injury.

3. Dr. Freedman did evaluate and treat plaintiff as an outpatient in his office on three separate occasions for complaints of right and left knee pain. A copy of Dr. Freedman's office chart for plaintiff is attached. (Exh. B)

4. Dr. Freedman was never called upon to evaluate and/or provide treatment for plaintiff on August 24, 2004. (Exh. C – Dr. Freedman's Affidavit)

5. As the office chart reflects, plaintiff never presented to Dr. Freedman's office for emergency treatment and surgery to either leg. Thus, Dr. Freedman contends that plaintiff's complaint directed against him is wholly and completely without merit and must be dismissed.

6. In order for plaintiff to recover against Dr. Freedman, in addition to proving that Dr. Freedman provided treatment that deviated from the applicable standard of care so as to evidence deliberate indifference[1], he must also demonstrate that he was deprived of a constitutional right by a person acting under the color of state law.[2] Prison officials such as correctional officers are deemed to be state actors for this purpose.[3] Under certain circumstances, a physician can be held to be a state actor pursuant to § 1983.[4] In *West*, an inmate brought a civil rights action against the defendant physician who was under contract with the state to provide medical services. The District Court granted summary judgment in favor of the contract orthopaedic surgeon which held that as a contract physician, the defendant was not acting under color of state law, a jurisdictional predicate for a § 1983 action.[5] The decision was affirmed by the Court of Appeals. The Supreme Court reversed. It held that a physician who is under contract with the State to provide medical services to inmates at a state-prison hospital acts under color of state law within the meaning of

---

[1] *Wilson v. Douglas County*, 2005 WL 3019486 *5 (D.Neb.)
[2] *See* 42 U.S.C. § 1983 (1984); *Foster v. Mumford*, 2001 WL 311255 *3 (D.Del.)
[3] *Foster v. Mumford*, 2001 WL 311255 *3 (D.Del.)
[4] *West v. Atkins*, 487 U.S. 42 (1988)
[5] *Id.* at 42.

§ 1983 when treating an inmate.[6]

6. In the matter *sub judice,* not only was Dr. Freedman not called upon to evaluate and treat plaintiff on August 24, 2004, he is not and never has been an employee of the State of Delaware. (Exh. C) In addition, he has never entered into a contract with either Sussex Correctional Institution or First Correctional Medical, the company which did contract with the State of Delaware to provide medical care to inmates. Rather, Dr. Freedman is a private physician who maintains a medical practice specializing in orthopaedic surgery. In his twenty-eight years of practicing medicine, Dr. Freedman has provided care to fewer than one hundred inmates. Inmates have been occasionally referred to him on a case by case basis. Plaintiff was referred by First Correctional Medical to Dr. Freedman's private practice for evaluation and treatment of knee pain. Dr. Freedman maintained no function within the state system, other than that of a private physician consulted to treat an inmate that could conceivably render him capable of depriving plaintiff of a constitutional right under color of state law. Therefore, because Dr. Freedman was not a State of Delaware employee at the relevant time and because he has never served as a medical provider under contract with Sussex Correctional Institute or First Correctional Medical, he is not a state actor within the meaning of § 1983. Thus, the suit against Dr. Freedman must be dismissed.

---

[6] *West v. Atkins,* 487 U.S. 42 (1988).

WHEREFORE, for the reasons set forth herein, Dr. Freedman prays that this Honorable Court will GRANT the within motion for summary judgment and sign an Order in the form attached herein.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

*/s/ Diane M. Andrews*
JEFFREY M. AUSTIN, ESQUIRE
DIANE M. ANDREWS, ESQUIRE
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Dr. Freedman

DATE: 2/20/06