IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFERY ALONZO SIMMS | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1205-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| M.D. HARRY M. FREEMAN, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ROBERTA F. BURNS M.D.'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to F.R.C.P. 56, defendant Roberta F. Burns, M.D., moves the Court for summary judgment on the grounds that plaintiff cannot demonstrate any issues of material fact and/or that Dr. Burns is entitled to judgment as a matter of law. In support of her motion, Dr. Burns offers the following:

Background

1. Defendant Roberta F. Burns, M.D., provided health care treatment for the Delaware correctional system as an employee of First Correctional Medical in 2004.

2. Plaintiff has alleged civil rights violations pursuant to 42 *U.S.C.* §1983 against Dr. Burns in connection with a leg injury/condition on August 24, 2004.

3. Plaintiff filed suit August 27, 2004, D.I. 2, a mere three days after the alleged injury in his Complaint.

4. Counsel for Dr. Burns filed Interrogatory requests and a Request for Production on June 8, 2006, D.I. 84, D.I. 85. To date, plaintiff has still not filed a response.

5. In his deposition, plaintiff stated that he was not seen by a doctor on August 24, 2004.

*See Deposition of Jeffrey Alonzo Simms*, p. 28, ll. 5-7, relevant portions attached as Exhibit 1. However, Mr. Simms did state: (1) that he was seen by Dr. Burns on a regular basis, (2) that Dr. Burns prescribed medicine for him, and (3) that she sent him to the specialist Dr. Freedman. *Id*. at p. 22-23.

6. Mr. Simms was seen in the infirmary on August 24, 2004 by Jill Mosser, RN, and Dr. Burns for complaints of dizziness and pain in his legs. *See Interdisciplinary Progress Notes*, attached as Exhibit 2. Mr. Simms received treatment for his blood pressure condition and was transported to his housing unit via wheelchair. *Id*.

7. On August 25, 2004, Mr. Simms presented to the infirmary with complaints of shortness of breath. *Id*. He was treated by Dr. Burns for hypertension and scheduled for blood pressure monitoring. *Id*. On August 25, 2004, Mr. Simms signed a refusal of treatment for his weekly blood pressure treatment. *See Refusals of Procedures*, attached as Exhibit 3. In fact, Mr. Simms signed four (4) Refusals of Procedure from August 25, 2004 - August 31, 2004 and these are just a small sampling of the documented Refusals of Procedures/Treatment in Mr. Simms' chart. *Id*.

8. Mr. Simms was seen by Harry M. Freedman, M.D., on three (3) different occasions - November 24, 2003, April 15, 2004, and August 5, 2004. *See Medical Records of Harry M. Freedman, M.D.*, attached as Exhibit 4. Dr. Burns was the doctor who referred Mr. Simms for each visit. *Id*. Dr. Freedman's note on 8/5/04, just 22 days prior to the filing of Mr. Simms' lawsuit, states "I do not feel that he [Mr. Simms] is indicated at this time for a total knee replacement. He may be maximizing his complaints. The knee was injected again today with DepoMedrol 40 mg plus Marcaine. He is to return in three months." *Id*.

## Legal Standards

9. Summary judgment is proper where there are no genuine issues of material fact and

the moving party is entitled to judgment as a matter of law. *Key v. Brewington-Carr*, 2000 WL 1346688 at * 2 (D. Del.)(copy attached as Exhibit 5). When a reasonable jury could return a verdict in favor of the non-moving party, the issue is genuine. *Id*. Additionally, a fact is deemed material if it might affect the outcome of the case. *Id*.

10. The standard for a civil rights claim alleging wrongful medical treatment is "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Smullen v. Kearney*, C.A. No. 02-082 (SLR), mem. op., Robinson, C.J. (June 13, 2003) (copy attached as Exhibit 6).

11. Mere allegations of negligence do not meet the pleading requirements for deliberate indifference. *See Estelle*, 429 U.S. at 105-106. The threshold of "deliberate indifference" is high; an inmate must show that the care constituted "an unnecessary and wanton infliction of pain," was "repugnant to the conscience of mankind," or was "contrary to the evolving standards of decency," *Smullen*, mem. op. at 2. When some care has been provided, questions as to the sufficiency or propriety of the care, or differences of opinion as to the type of care, will not support an Eighth Amendment "deliberate indifference" claim. *Id.*, mem. op. at 2-3.

12. Serious medical need is defined as a condition that is so obvious that it would prompt an ordinary person to recognize the need for a doctor's attention or when a physician has determined that treatment is required. *Hall v. First Correctional Medical*, C.A. 04-176 (GMS), mem. op., Sleet, J. (D.Del. Dec. 6, 2004) (internal citations omitted) (copy attached as Exhibit 7). A condition that constitutes serious medical need is one where a "failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death". *Id.* Also, when the denial or delay of care "results in the wanton infliction of pain, life-long handicap or permanent loss" the serious requirement is met. *Id.*

13. Pursuant to 18 Del. C. § 6853 (a)(1), an affidavit of merit must accompany a medical

negligence complaint filed after October 9, 2003, or "the clerk of court shall refuse to file the complaint and it shall not be docketed with the court."

14.  Where the Clerk of Court or Prothonotary mistakenly accepts a medical negligence complaint without an affidavit of merit, the defendant's remedy is a dismissal. *Jackson v. First Correctional Medical Services*, 380 F. Supp. 2d 387, 392 (D. Del.2005).

15.  Prior to filing a civil lawsuit, an inmate must exhaust all administrative remedies. *Hyson v. Correctional Medical Services*, C.A. No. 02-318 (SLR), mem. order at 2, Robinson, C.J. (D.Del. Feb. 6, 2003)(citing Prison Litigation Reform Act, 42 *U.S.C.* §1997e(a))(copy attached as Exhibit 8).

16.  Under these legal standards, defendant Roberta F. Burns, M.D. submits that plaintiff's complaint fails to state a claim against her upon which relief could be granted, that there is no issue of material fact, and that she is entitled to judgment as a matter of law.

## Dr. Burns is Entitled to Judgment as a Matter of Law

17.  As noted above, an inmate plaintiff asserting civil rights violations must prove that a defendant health care provider was deliberately indifferent to a serious medical need, mere allegations are not sufficient. *Estelle*, 429 U.S. at 104-106; *Smullen*, mem. op. at 2. In his complaint, Mr. Simms states, "On 8-24-04 denied emergency treatment and surgery as a result disfigure maine leg, Harry M. Freeman Doctor Donna Burns misconception injure . . . ." [sic], D.I. 2. This is the only allegation against defendant Burns and Mr. Simms has not demonstrated that Dr. Burns' acts or omissions constituted "an unnecessary and wanton infliction of pain," were "repugnant to the conscience of mankind," or were "contrary to the evolving standards of decency." *Smullen*, mem. op. at 2. The allegation in Mr. Simms' complaint arguably does not even satisfy the requirements of a federal complaint enumerated in F.R.C.P. 8, let alone the *Smullen* requirements.

18.  Plaintiff's allegation of medical negligence does not meet the threshold of "deliberate

indifference". In fact, plaintiff's allegation actually counters his position of "deliberate indifference", as plaintiff acknowledges (1) seeing Dr. Burns on multiple occasions for treatment, (2) receiving prescriptions from her, and (3) that Dr. Burns was the doctor who referred him to orthopaedist Dr. Freedman. See Exhibit 1, p. 28, ll. 5-7. Because plaintiff has been seen regularly by Dr. Burns, his burden of proof is higher than an inmate who received no care at all. *Smullen*, mem. op. at 2.

19. Plaintiff's medical records indicate that he was treated on August 24, 2004 by Dr. Burns and while he did have leg complaints, the primary concern was hypertension. See Exhibit 2. Additionally, Mr. Simms' medical records indicate that his primary medical concern the week of August 24 was hypertension and he was seen again for the problem on August 25 and signed several medical refusals through August 31, 2004 regarding treatment for hypertension. See Exhibit 2 and 3. Additionally, Mr. Simms signed a refusal for physical therapy. See Exhibit 3.

20. Mr. Simms has had various documented problems with his knees and has received treatment for those problems. See Exhibit 4. Just 22 days prior to allegations in the complaint, Mr. Simms was seen by Dr. Freedman and given an injection of DepoMedrol 40 mg plus Marcaine. *Id*. At that time, Dr. Freedman noted that Mr. Simms was "not indicated . . . for a total knee replacement", that Mr. Simms "may be maximizing his complaints", and that he should "return in three (3) months." *Id*.

21. From what can be ascertained from the plaintiff's deposition, the basis of his complaint is that Mr. Simms believes that Dr. Burns prevented the surgery that Dr. Freedman recommended. See Exhibit 1, p. 18, ll. 8-16; p. 24, ll. 7-21. Plaintiff's belief is erroneous as Dr. Freedman's August 5, 2004 office note clearly indicates that Mr. Simms is not a candidate for surgery. Furthermore, the fact that plaintiff is not satisfied with the type of treatment he is receiving also does not satisfy the burden of proof for deliberate indifference. Plaintiff is not a medical doctor

and has no authority to dictate the medication or treatment he should receive. Plaintiff may not agree with the course of treatment he is receiving but that does not create an issue of constitutional dimension. There was no "deliberate indifference to a serious medical need," so plaintiff's civil rights claims must be dismissed as a matter of law.

Plaintiff has Failed to File an Affidavit of Merit

22.	Plaintiff's complaint was filed after October 9, 2003 and was not accompanied by either an affidavit of merit or a motion to extend the time for filing such affidavit. As such, plaintiff's state law claims must be dismissed as a matter of law. *Jackson*, 380 F. Supp. 2d at 392.

Plaintiff Failed to Exhaust Administrative Remedies

23.	Plaintiff failed to exhaust all available administrative remedies prior to filing this legal action. In his complaint, Plaintiff notes that the action taken regarding his grievance was "speak[ing] to Lt. Strugress. D.I. 2. Plaintiff noted the result of the grievance was to be assaulted by a correctional officer. *Id*. Plaintiff did not demonstrate that he followed the proper grievance process (either filling out a grievance form, or, at a minimum, filing a written statement) or that he exhausted the administrative grievance process through appeals. Moreover, had plaintiff complied with the formal grievance process, he filed this action a mere three days after the alleged Eighth Amendment violation occurred, hardly allowing the grievance process to function.

24.	For the above reasons, defendant Roberta F. Burns, M.D. respectfully requests that all claims against her be dismissed with prejudice

**McCULLOUGH & McKENTY, P.A.**

/s/ Dana Spring Monzo
Dana Spring Monzo
1225 N. King Street, Suite 1100
P.O. Box 397
Wilmington, DE 19899-0397
(302) 655-6749
Attorneys for Roberta F. Burns, MD

Dated: August 18, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFERY ALONZO SIMMS | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1205-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| M.D. HARRY M. FREEMAN, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I, **Dana Spring Monzo**, hereby certify that on this date a copy of the attached *Motion for Summary Judgment,* was served electronically, and via first class mail, upon the following:

Jeffrey M. Austin, Esquire
Elzufon Austin Reardon Tarlov & Mondell, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Ralph K. Durstein, III, Esquire
Department of Justice
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

Jeffery Alonzo Simms
SBI # 198625
Delaware Correctional Center
Unit V-Building A-Tier
1181 Paddock Road
Smyrna, DE 19977

                      **McCULLOUGH & McKENTY, P.A.**

                      /s/ Dana Spring Monzo
                      Dana Spring Monzo
                      1225 N. King Street, Suite 1100
                      P.O. Box 397
                      Wilmington, DE 19899-0397
                      (302) 655-6749
                      Attorneys for Roberta F. Burns, MD

August 18, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFERY ALONZO SIMMS | ) | |
| | ) | |
| Plaintiff | ) | C.A. No. 04-1205-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| M.D. HARRY M. FREEMAN, ET AL | ) | JURY OF 12 DEMANDED |
| | ) | |
| Defendants. | ) | |

## ORDER

And now this _____ day of _____, 2006, having considered Roberta F. Burns, M.D.'s Motion for Summary Judgment and any opposition thereto,

it is HEREBY ORDERED that Roberta F. Burns, M.D.'s Motion for Summary Judgment is granted.

_____
J.