Slip Copy
(Cite as: 2003 WL 21383727 (D.Del.))

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.

Terrence L. SMULLEN, Plaintiff,
v.
Rick KEARNEY, Warden, Prison Health Services
and Roberta Burns, M.D.
Defendants.

**No. Civ.A. 02-082-SLR.**

June 13, 2003.

Terrence L. Smullen, plaintiff, pro se.

Stuart B. Drowos, Department of Justice, State of
Delaware, Robert Karl Beste, III, White & Williams,
Wilmington, Delaware, for defendants.


MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

**\*1** On January 31, 2002, *pro se* plaintiff Terrence L.
Smullen filed this action against defendants Rick
Kearney, Warden of Sussex Correctional Institution,
Prison Health Service and Roberta Burns, M .D.
pursuant to 42 U.S.C. § 1983 alleging violations of the
Eighth Amendment based on inadequate medical care.
This court has jurisdiction pursuant to 28 U.S.C. §
1331. Presently before the court is plaintiff's motion for
appointment of counsel (D.I.20) and defendants'
motions to dismiss. (D.I.18, 21) On March 23, 2003
this court issued an order stating that because matters
outside the pleadings were presented to the court in
support of the motions to dismiss, the court would
review defendants' motions as motions for summary
judgment pursuant to Fed.R.Civ.P. 12(b) and 56(b).
(D.I.24) For the reasons that follow the court shall
deny plaintiff's motion for appointment of counsel and
grant defendants' motions for summary judgment.

II. BACKGROUND

Plaintiff is an inmate at the Sussex Correctional
Institution in Georgetown, Delaware. (D.I.6) Upon
being incarcerated on July 30, 1999, plaintiff claims
that Dr. Roberta Burns, a physician with Prison Health
Services, told plaintiff that a pre-existing hernia he
had was nothing to be alarmed about. (D.I.2) On April
24, 2000, plaintiff complained of stomach pains, which
Dr. Burns treated with an enema. (*Id.*) Plaintiff was
then sent back to his housing unit and instructed to
return if his ailments persisted. (*Id.*)

After numerous subsequent complaints, plaintiff was
sent to the Medical Department in the Max Building
and then taken to Beebe Medical Center ("Beebe") in
Lewes, Delaware. (*Id.*) At Beebe, plaintiff claims to
have been diagnosed with a "strangulated direct
hernia." (*Id.*) Upon discharge from Beebe on April 30,
2000, plaintiff claims to have been diagnosed with
"appendicitis and incarcerated right inguinal hernia."
(*Id.*)

Plaintiff was re-admitted to Beebe on June 29, 2000,
complaining of breathing complications. (*Id.*) Upon
re-admission, plaintiff was diagnosed with an
"enlarged heart" and toxic blood due to depression
medication administered at the Sussex Correctional
Institute. (*Id.*) On July 3, 2000, plaintiff was
discharged with a diagnosis of "congestive heart
failure." (*Id.*) Plaintiff now claims to suffer from a
severe form of heart disease (cardiomyopothy) due to
defendants' "unprofessional acts and diagnosis." (*Id.*)

On January 31, 2002, this court granted plaintiff leave
to proceed *in forma pauepris* and ordered an initial
partial filing fee of $2.33 to be paid within thirty (30)
days to avoid dismissal. (D.I.1) Plaintiff did not timely
pay the fee and his complaint was dismissed without
prejudice. (D.I.4) On March 22, 2002, the court
received plaintiff's motion for reconsideration,
requesting additional time to pay the filing fee. (D.I.5)
On April 3, 2002, the court extended plaintiff's
deadline to pay the initial partial filing fee to May 6,
2002. (D.I.6) On April 24, 2002, plaintiff made the
first partial filing fee payment of $2.33. (D.I.6) On or
around November 1, 2002, plaintiff moved for
appointment of counsel. (D.I.16) On November 14,
2002, defendants moved to dismiss. (D.I.18)

III. STANDARD OF REVIEW

**\*2** A court shall grant summary judgment only if "the

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n. 1 (3d Cir.1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.' ' *Matsushita*, 475 U.S. at 587 (quoting Fed.R.Civ.P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir.1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

IV. DISCUSSION

A. Plaintiff has not exhausted the administrative remedies available to him within the Sussex Correctional Institute, thus requiring dismissal under 42 U.S.C. § 1997e

The Prison Litigation Reform Act of 1996, codified at 42 U.S.C. § 1997e, provides:

   (a) No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal Law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

Courts have consistently held that inmates must first exhaust all administrative remedies available prior to filing a § 1983 action based upon prison conditions,

regardless of futility. *Booth v. Churner*, 532 U.S. 731 (2001); *See, e.g. Nyhuis v. Reno* 204 F.3d 65, 67 (3d Cir.2000). The Delaware Department of Correction administrative procedures provide that

   medical grievances be submitted to the [Inmate Grievance Chair], who will forward the grievance to the medical service contractual staff for review. The medical services contractual staff will attempt informal resolution of the matter. If such resolution fails, a Medical Grievance Committee ("MGC") hearing will be conducted, which hearing will be attended by the grievant and the [Inmate Grievance Chair]. If the matter is resolved at that stage, the case is closed; otherwise, the grievant is directed to complete the MGC Appeal Statement section of the written grievance and forward it to the [Inmate Grievance Chair] ... [.]

   *3 DOC Policy 4.4 (revised May 15, 1998).

Based on the record, the court finds that plaintiff has not pursued all administrative remedies available to him, such as a MGC hearing followed by a written MGC Appeal Statement. Thus, 42 U.S.C. § 1997e, on its face, bars plaintiff from bringing suit since plaintiff did not pursue the grievance process to its finality.

B. Pursuant to 42 U.S.C. § 1983, plaintiff does not state a claim under the Eighth Amendment

Even if the court were to review the merits of the case, plaintiff has not stated a claim under the Eighth Amendment. Defendants accept as true the facts as offered by plaintiff for purposes of the present motion. The State has the duty under the Eighth Amendment to provide "adequate medical care to those it is punishing" through incarceration. *West v. Keve*, 571 F.2d 158, 161 (3d Cir.1978). The Supreme Court has held that in order to state a cognizable claim under the Eighth Amendment, a prisoner must show deliberate indifference to serious medical needs. For there to be deliberate indifference, the prison physician's acts must constitute "an unnecessary and wanton infliction of pain," be "repugnant to the conscience of mankind" or offend the "evolving standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Institutional Inmates v. Lanzaro*, 834 F.3d 326, 347 (3d Cir.1987). Furthermore, " 'where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." ' *Norris v. Frame*, 585 F.2d 1183,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1186 (3d Cir.1978). *See also Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979) ("[C]ourts will 'disavow any attempts to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." '). Therefore, a mere difference of opinion concerning the treatment received by an inmate is not actionable under the Eighth Amendment and § 1983.

The facts alleged in plaintiff's complaint do not support the conclusion that defendants acted with deliberate indifference to plaintiff's medical needs. Plaintiff was examined and treated on numerous occasions for his ailments, including two hospitalizations with an outside medical provider. Therefore, plaintiff has failed to show defendants exhibited a "reckless disregard" or "actual intent" to disregard his medical condition. Viewing all underlying facts and reasonable inferences in a light most favorable to plaintiff does not support a finding that defendants violated his Eighth Amendment rights.

V. CONCLUSION

For the reasons stated above, the court shall grant defendants' motion for summary judgment. [FN1] An appropriate order shall issue.

> FN1. Plaintiff's motion for appointment of counsel is denied as moot.

ORDER

*4 At Wilmington this 13th day of June, 2003, consistent with the memorandum opinion issued this same day;

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel (D.I.20) is denied as moot.

2. Defendants' motions for summary judgment (D.I.18, 21) are granted.

3. The clerk is directed to enter judgment in favor of defendants and against plaintiff.

2003 WL 21383727 (D.Del.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works