IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-176 GMS |
| | ) | |
| FIRST CORRECTIONAL MEDICAL, | ) | |
| INC., THOMAS CARROLL, BRENDA | ) | |
| HOWLERDA, R.N., and STAN TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

**I.    INTRODUCTION**

James Hall ("Hall") is presently incarcerated at the State of Delaware Department of Correction (the "DOC"), which is located in Smyrna, Delaware. On March 22, 2004, Hall filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. In his complaint, he alleges that First Correctional Medical ("FCM"), Thomas Carroll ("Carroll"), in his capacity as warden, Brenda Howlerda ("Howlerda"), in her capacity as head registered nurse ("R.N."), and Stan Taylor ("Taylor"), in his capacity as Commissioner, failed to provide him with adequate medical treatment.

Presently before the court is Carroll and Taylor's (collectively, "the defendants") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the court will grant this motion.

**II.    BACKGROUND**

Hall alleges that upon his arrival at the DOC, on January 20, 2004, he informed the medical staff that he thought he had a broken hand and requested to see a physician. He was

treated by a R.N. and then transferred into the general prison population.

According to Hall, he went to the DOC hospital two times on the night of January 20, and was treated by two more nurses. The first nurse gave him a container of Ibuprofen and an ice pack, but did not wrap and splint his hand. Hall alleges that the second nurse did not wrap or splint his hand because "he didn't want to wrap it and get it wrong."

Hall alleges that, on January 22, he was treated by Dr. Ali Homer ("Dr. Homer"), who diagnosed him with a broken hand, and ordered an x-ray and hand cast. Over the course of the next nine days, Hall allegedly requested to see a nurse and filed numerous sick call slips for pain treatment.

On February 1, Hall filed a grievance because he still had not been examined. He also had not received the x-ray of his hand. Hall continued to file sick call slips and grievances until he was examined by Howlerda, on February 14. Howlerda gave him Motrin for pain, but did not x-ray or wrap his hand.

On February 18, Hall received his x-ray. According to Hall, the technician confirmed that he had a broken hand. The technician also determined that Hall's hand was beginning to mend itself.

On February 20, Hall was again treated by Howlerda for pain. Hall alleges that Howlerda told him that he would be examined by an outside physician. Hall claims that he was never examined by an outside physician. He also claims that, because of the delay in treatment, his hand was never set in a cast, resulting in a permanent bump.

2

## III. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Savings and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The present motion makes a facial challenge to the complaint because Carroll's and Taylor's arguments are based solely upon the application of legal principles to the facts as alleged in the complaint. Such a motion requires the court to consider the allegations of the complaint as true and to make all reasonable inferences in the plaintiff's favor. *See id.*

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, as in the case of a Rule 12(b)(1) motion, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). However, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir.1997). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Thus, in order to prevail, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that]

would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV.  DISCUSSION

In order to recover against the defendants, Hall must show that he was deprived of a constitutional right by a person acting under the color of state law. *See, e.g., Groman v. Township of Manalpan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). In this case, it is clear that the defendants were acting under color of state law because, at the time of the alleged incident, they were employed as Warden and Commissioner, respectively, at the institution where Hall was incarcerated. *See Cespedes v. Coughlin*, 956 F. Supp. 454, 465 (S.D.N.Y. 1997). Therefore, the court next turns to whether Hall has sufficiently alleged that either of the defendants deprived him of a constitutional right.

The State of Delaware has an obligation to provide "adequate medical care" to the individuals who are incarcerated in its prisons. *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 672 (3d Cir. 1979) (citations omitted). To recover for the denial of medical care, Hall must show that a prison official or employee was deliberately indifferent to his serious medical needs or acted with reckless disregard for his condition. *See Miller v. Correctional Medical Sys., Inc.*, 802 F. Supp. 1126, 1130 (D. Del. 1992).

Thus, in order to withstand a motion to dismiss, a claim that prison authorities provided inadequate medical care in violation of Eighth Amendment protections must include acts or omissions by a defendant that evidence deliberate indifference towards serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (stating that to succeed on such claims, plaintiffs must demonstrate that: "(1) the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious.").

The deliberate indifference prong is met only if the prison official "knows and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Rouse*, 182 F.3d at 197. The plaintiff must show a sufficiently culpable state of mind which demonstrates an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Rouse*, 182 F.3d at 197. Mere allegations of negligence do not meet the pleading standards for deliberate indifference. *See Estelle*, 429 U.S. at 105-106. Nor can the claim rest solely on the prisoner's dissatisfaction with the medical care he has received. *Id.* at 107.

An inmate's condition is "serious" when it is so obvious that an ordinary person would easily recognize the need for a doctor's attention or when a physician has concluded that treatment is required. *See Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir.1987). The "seriousness" prong is met also if the effect of denying or delaying care results in wanton infliction of pain or a life-long handicap or permanent loss. *Id.* In addition, the "condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death." *See Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir.1991).

With these standards in mind, the court turns to an analysis of Hall's claim that the defendants deprived him of proper medical care. In order to hold Carroll and Taylor liable, Hall must allege an act or omission by the defendants that demonstrates deliberate indifference to his serious medical needs. *See City of Canton v. Harris*, 489 U.S. 378 (1989); *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). In his complaint, Hall does not contend that the defendants were personally involved in the medical care provided to him. Rather, Hall asserts that because of their

5

supervisory roles, the defendants were indirectly responsible. Thus, Hall's claim against the defendants is premised on the doctrine of *respondeat superior*. It is well established, however, that absent some sort of personal involvement in the allegedly unconstitutional conduct, a §1983 defendant cannot be held liable under a *respondeat superior* theory. *See Fagan v. City of Vineland*, 22 F.3d 1283, 1291 (3d Cir. 1994); *Gay v. Petsock*, 917 F.2d 768 (3d Cir. 1990). Because the complaint fails to allege any act or omission by the defendants that demonstrates deliberate indifference to Hall's serious medical needs, the claim against the defendants must be dismissed.[1]

Dated: December 6, 2004

_____
UNITED STATES DISTRICT JUDGE



FILED

DEC 6 2004

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[1] Hall has filed three motions to amend (D.I. 27, 32, 35). "[A] court should deny leave to amend if the moving party is guilty of undue delay, bad faith, dilatory motive, prejudice, or his or her amended claims are futile." *See In Re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The amended complaints allege only that the defendants acted in a supervisory capacity at the prison. Thus, Hall's motions to amend rest on the doctrine of *respondeat superior*. As discussed above, *respondeat superior* is not applicable in the present case. Thus, even if the court permitted Hall to amend his complaint, the amended complaint would not withstand a 12(b)(6) motion to dismiss and would be futile. *See id.* at 1435 (motion to amend denied because, even if the court permitted an amendment, the complaint still would not withstand 12(b)(6) motion to dismiss). Given the foregoing, the court will deny Hall's motions to amend.