IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY ALONZO SIMMS, | : | |
| Plaintiff, | : | C.A. No. 04-1205-SLR |
| v. | : | TRIAL BY JURY OF TWELVE DEMANDED |
| HARRY M. FREEDMAN, M.D., DONNA BURNS, DR., and MAJOR R. L. HUGHES, | : | |
| Defendants. | : | |

### DEFENDANT, HARRY M. FREEDMAN, M.D.'S
### MOTION TO DISMISS

NOW COMES defendant Harry M. Freedman, M.D., by and through his counsel and hereby moves this Honorable Court to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In support thereof, Dr. Freedman states the following:

1. Plaintiff Jeffrey Alonzo Simms is presently incarcerated at the Delaware Correctional Center and has been incarcerated in Delaware since 2002.

2. Mr. Simms brought suit in Federal District Court pursuant to 42 U.S.C. §1983.

3. Dr. Freedman previously filed a Motion for Summary Judgment based on unrelated grounds. This Motion to Dismiss may be considered independently of the aforementioned Summary Judgment Motion.

4. On February 10, 2006, this Honorable Court entered the Scheduling Order which included June 8, 2006 as the discovery cut-off. (Attached as Exhibit A.)

5. As set forth more fully below, plaintiff has failed to state a claim upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12(h)(2), a defense for failure to state a claim upon which relief can be granted may be set forth in any pleading or at the trial on the merits.

### Failure to Identify a Medical Expert

6. The claims against Dr. Freedman, an orthopedic specialist in private practice who is not employed by any governmental entity, are brought in Federal District Court through its Supplemental Jurisdiction over this state law medical malpractice claim pursuant to 18 U.S.C. §1367. See Boardley v. First Correctional Medical, 2004 WL 2980727 (D.Del. 2004).

7. Mr. Simms alleges that Dr. Freedman failed to provide information regarding his pain level to Dr. Burns of Prison Medical Services, also a defendant herein (see plaintiff's deposition at p. 29 line 20 through p. 30 line 2, p. 40 lines 16-24). (Attached as Exhibit B.)

8. Although not articulated by Mr. Simms, it is assumed that Mr. Simms alleges that this failure breached the standard of care required of an orthopedic surgeon consulting in a case such as Mr. Simms'.

9. Mr. Simms was required to identify an expert medical witness, the substance of that expert's opinion regarding the alleged breaches in the standard of care, and expert testimony that the alleged breaches directly caused his alleged injuries pursuant to 18 Del.C. §6853(e) and McCusker v. Surgical Monitoring Associates, Inc., 299 F.Supp. 2d 396 (D.Del. 2004).

10. Mr. Simms failed to produce expert medical witness testimony or reports to

support his medical malpractice claim before the discovery deadline, and has not as of the date of this motion.

11. Plaintiff has failed to state a claim upon which relief can be granted pursuant to Middlebrook v. Ayres, 2004 WL 1284207 (Del.Super.Ct. 2004). In Middlebrook, the Court granted defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted after plaintiffs failed to obtain expert testimony necessary to maintain the medical malpractice action against the defendant.

12. Mr. Simms' medical malpractice claims are subject to dismissal pursuant to Wahle v. Medical Center of Delaware, Inc., 559 A.2d 1228 (Del. 1989). In Wahle, a medical malpractice plaintiff failed to produce an expert witness before the discovery cut-off, the Superior Court dismissed the claim, and the Delaware Supreme Court affirmed the dismissal, stating "[l]'itigants who continually miss discovery deadlines . . . . may not claim surprise by imposition of the ultimate sanction of dismissal." Id. at 1233.

### Failure to File An Affidavit of Merit

13. Additionally, Mr. Simms was required to file an Affidavit of Merit pursuant to 18 Del.C. §6853, which requires a medical malpractice plaintiff to file an Affidavit of Merit executed by a board certified physician in the same specialty as each defendant physician, either at the time of, or within sixty (60) days of filing of the Complaint.

14. Mr. Simms has not filed an Affidavit of Merit as required in medical malpractice suits brought in the District of Delaware pursuant to Jackson v. First Correctional Medical Services, 380 F.Supp. 2d 387 (D.Del. 2005).

15. The purpose of an Affidavit of Merit is to prevent frivolous, baseless lawsuits against competent physicians. Delaware's legislature, by requiring the Affidavit of Merit, intended to prevent unfounded attacks on physicians' professional reputations, and also, importantly, to keep physicians' medical malpractice insurance rates from rising unnecessarily. For each policy period that this suit remains ongoing, Dr. Freedman's malpractice insurance rates are negatively impacted by this frivolous lawsuit, further contributing to the well-publicized healthcare crisis in the United States.

16. The claims against Dr. Freedman should be dismissed without delay because of plaintiff's failure to file an Affidavit of Merit and plaintiff's failure to identify an expert witness as required by statute. The negative effect on Dr. Freedman's insurance status will only be compounded as time passes.

WHEREFORE, defendant Harry Freedman, M.D. respectfully requests this Honorable Court to dismiss all claims against him for the reasons detailed above.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

/s/ Andrea C. Rodgers
JEFFREY M. AUSTIN, ESQ. (I.D. #2158)
ANDREA C. RODGERS, ESQ. (I.D. #4350)
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Dr. Freedman

DATE: August ___, 2006

G:\Docs\CLIENT\1301\16115\PLEADING\00355915.DOC