IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFERY ALONZO SIMMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-1205-SLR |
| | ) |
| HARRY M. FREEMAN, M.D., | ) |
| ROBERTA F. BURNS, M.D., AND | ) |
| MAJOR R.L. HUGHES, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Jeffrey Alonzo Simms, Smyrna, Delaware.  Pro se.

Jeffrey M. Austin, Esquire of Elzufon, Austin, Reardon, Tarlov & Mondell, Wilmington, Delaware.  Attorney for Defendant Harry M. Freeman, M.D.

Daniel L. McKenty, Esquire of McCullough & McKenty, Wilmington, Delaware.  Attorney for Defendant Roberta F. Burns, M.D.

Ralph K. Durstein, III, Esquire of Delaware Department of Justice, Wilmington, Delaware.  Attorney for Defendant Major R.L. Hughes

**MEMORANDUM OPINION**

Dated: October 23, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I.   INTRODUCTION

Plaintiff is a pro se litigant who filed this action on
August 27, 2004 against defendants. Plaintiff requested leave to
proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (D.I. 1
at 1)   The court granted plaintiff's motion on September 14,
2004. Plaintiff alleges violations of the Eighth and Fourteenth
Amendments under the U.S. Constitution as a result of medical
care received while incarcerated at Delaware Correctional Center.

Currently before the court is Dr. Freeman's motion for
summary judgment and motion to dismiss, as well as Dr. Burns'
motion for summary judgment. The court has jurisdiction pursuant
to 28 U.S.C. § 1331. For the reasons that follow, the motions
for summary judgment will be granted.[1] Additionally, the court
will dismiss the claim against Major R.L. Hughes pursuant to 28
U.S.C. § 1915(e)(2)(B).

## II.   BACKGROUND

Plaintiff suffered an injury to his right knee in June of
2003. (D.I. 67, ex. B at 5) He was treated by Dr. Roberta
Burns, M.D. ("Dr. Burns") on a regular basis. (Id., ex. A at 2)
Dr. Burns was at all times relevant to this complaint employed by

---

[1]Dr. Freeman's most recent filing is a motion to dismiss.
Since the motion refers to matters outside the pleadings, it will
treated as a motion for summary judgment. See Fed. R. Civ. P. 12
(b) (6); Camp v. Brennan, 219 F.3d 279, 280 (3d Cir.
2000)(consideration of matters beyond the complaint converts a
motion to dismiss into a motion for summary judgment).

First Correctional Medical.  (D.I. 98 at 1)  On September 29, 2003, an MRI was done on plaintiff's right knee which disclosed no tear but a large joint effusion with a small Baker's cyst. (Id. at 14)

Plaintiff was referred by Dr. Burns to defendant Harry Freeman, M.D. ("Dr. Freeman") approximately five months after his initial injury.  (D.I. 98, ex. A at 1)  Dr. Freeman is in private practice and has not contracted with First Correctional Medical to provide services to inmates.  (D.I. 67, ex. C at 2)  He billed First Correctional Medical for the services provided to plaintiff.  (Id.)

The medical records indicate that in November of 2003, Dr. Freeman gave plaintiff an injection of Depomedrol for his right knee, provided him with an exercise regimen, and prescribed ibuprofen.  (Id., ex. B at 6-7)  Plaintiff was to return to Dr. Freeman within three months.  (Id.)  Plaintiff's next appointment with Dr. Freeman was on April 5, 2004, when he was given an additional injection for his knee.  (Id. at 8)

Ten days later, plaintiff returned to Dr. Freeman's office complaining of a new injury to his left knee, which occurred in March of 2004.  (Id. at 9)  The medical records from Dr. Freeman indicate that plaintiff received treatment for the new injury from Dr. Burns, who had ordered an x-ray and supplied a knee sleeve.  (D.I. 67, ex. C at 9)  Again, Dr. Freeman injected

2

plaintiff and supplied him with ibuprofen.  (Id.)  Plaintiff was
to return again if needed.  (Id.)

Plaintiff did return to Dr. Freeman in August of 2004,
indicating that the injections had only helped the pain for one
or two days.  (Id. at 11)  Dr. Freeman noted in his records that
typically such an injection would provide relief for six weeks.
(Id. at 12)  At that time, Dr. Freeman noted that plaintiff
suffered from osteoarthritis.  (Id. at 13)  Dr. Freeman also
stated, "I do not feel that he is indicated at this time for a
total knee replacement. He may be maximizing his complaints."
(Id.)  Dr. Burns received a copy of those reports.  (D.I. 98, ex.
2)

Plaintiff recalls his appointment with Dr. Freeman
differently.  He believes that Dr. Freeman wanted to perform
surgery on his knees.  (D.I. 101, ex. B at 2)  Considering the
complaint, the deposition, and other filings, the gravamen of
plaintiff's claim is that Dr. Freeman wanted to do surgery and
failed to relay this information to Dr. Burns, or that Dr. Burns
refused to allow the surgery to take place.  (D.I. 101, ex. B at
3) ("Dr. Freedman [sic] failed to give this information to Dr.
Burns and, as a result, you know, the pain lingered on without
any treatment");  (D.I. 98, ex. A at 2) ("...if she [Dr. Burns]
was treating me, the situation would have been in its final
stages of me having surgery for my knees.")

3

On August 24, 2004, the date at issue according to the complaint, plaintiff claims he requested to be seen by a physician for his illnesses. (D.I. 98, ex. A at 3) He claims he was refused treatment on that date. The medical records attached by Dr. Burns indicate that, indeed, plaintiff was seen on August 24, 2004. (D.I. 98, ex. 2 at 1) The notes from that date indicate plaintiff's complaints as follows: "I'm lighthead [sic] and dizzy and have pain in my legs." (D.I. 98, ex. 2 at 1) The rest of the report details treatment done for plaintiff's legs and indicates that he refused to walk back to his cell for fear of falling. (Id.) Two days later, plaintiff refused physical therapy. (D.I. 98, ex. 3 at 2). Plaintiff filed this action the next day. (D.I. 2)

## III. STANDARD OF REVIEW

### A. Summary Judgment

A party is entitled to summary judgment only when the court concludes "that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no material issue of fact is in dispute. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 n. 10 (1986).

Once the moving party has carried its initial burden, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Id. at 587 (quoting

Fed. R. Civ. P. 56(e)).  "Facts that could alter the outcome are 'material', and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."  Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995).

If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The mere existence of some evidence in support of the party will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that factual issue.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  The court, however, must "view all the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion."  Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Pacitti v. Macy's, 193 F.3d 766, 772 (3d Cir. 1999).

**B.   Review of Claims Pursuant to 28 U.S.C. § 1915**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915  is a two step process.  First, the court must determine whether the plaintiff is eligible for pauper status.  Whether to grant or

deny an in forma pauperis petition lies within the sound
discretion of the trial court. Jones v. Zimmerman, 752 F.2d 76,
78 (3d Cir. 1985).

Having made the pauper determination, the court must
determine whether the action is frivolous, malicious, fails to
state a claim upon which relief may be granted, or seeks monetary
relief from a defendant immune from such relief pursuant to 28
U.S.C. §§ 1915(e)(2)(B)-1915(a).  If plaintiff's complaint falls
under any one of the exclusions listed in the statutes, the
complaint will be dismissed.

When reviewing complaints pursuant to 28 U.S.C. §§
1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of
review provided for in Fed. R. Civ. P. 12(b)(6).  Shane v.
Fauver, 213 F.3d, 113, 117 (3d Cir. 2000).  According to the
Third Circuit, "if a claim is based on facts that provide no
basis for the granting of relief by the court, the claim must be
dismissed."  Id.

The standard for determining whether an action is frivolous
is well established.  The Supreme Court has explained that a
complaint is frivolous "where it lacks an arguable basis either
in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).
Pro se complaints are reviewed under "less stringent standards
than formal pleadings drafted by lawyers and can only be
dismissed for failure to state a claim if it appears 'beyond

6

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97 (1976) (quoting Conley v. Gibson, 355 U.S. 41 (1957)).

## IV. ANALYSIS

To state a violation of the Eighth Amendment right to adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); accord White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Plaintiff must demonstrate that: (1) he had a serious medical need, and (2) the defendant was aware of this need and was deliberately indifferent to it. See West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978); see also Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987). Either actual intent or recklessness will afford an adequate basis to show deliberate indifference. See Estelle, 429 U.S. at 105.

The seriousness of a medical need may be demonstrated by showing that the need is "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)). Moreover, "where denial or delay

7

causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." Id.

As to the second requirement, an official's denial of an inmate's reasonable requests for medical treatment constitutes deliberate indifference if such denial subjects the inmate to undue suffering or a threat of tangible residual injury. Id. at 346. Deliberate indifference may also be present if necessary medical treatment is delayed for non-medical reasons, or if an official bars access to a physician capable of evaluating a prisoner's need for medical treatment. Id. at 347. However, an official's conduct does not constitute deliberate indifference unless it is accompanied by the requisite mental state. Specifically, "the official [must] know . . . of and disregard . . . an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). While a plaintiff must allege that the official was subjectively aware of the requisite risk, he may demonstrate that the official had knowledge of the risk through circumstantial evidence and "a fact finder may conclude that a[n] . . . official knew of a substantial risk from the very fact that the risk was obvious." Id. at 842.

The law is clear that mere medical malpractice is

8

insufficient to present a constitutional violation.  See Estelle, 429 U.S. at 106; Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).  Prison authorities are given extensive liberty in the treatment of prisoners.  See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979); see also White, 897 F.2d at 110 ("[C]ertainly no claim is stated when a **doctor** disagrees with the professional judgment of another doctor. There may, for example, be several acceptable ways to treat an illness.") (emphasis in original).  The proper forum for a medical malpractice claim is in state court under the applicable tort law.  See Estelle, 429 U.S. at 107.

Further, "courts will not 'second-guess the propriety or adequacy of a particular course of treatment [which] remains a question of sound professional judgment.'"  Boring, 833 F.2d at 473 (citing Pierce, 612 F.2d at 762).  There is no constitutional violation where a medical professional chooses between equally appropriate forms of treatment.  Key v. Brewington-Carr, 2000 WL 1346688 at *11.

## A.   Constitutional Claims

Plaintiff has not established triable issues of fact under the deliberate indifference standard.  With regard to the first prong of the test, plaintiff's claim of a medically serious condition requiring surgery is not supported by the record. Plaintiff alleges denial of emergency treatment in August 24,

9

2004 which resulted in disfigurement to his maine [sic] leg. There is no basis in the record for such a claim, in fact, there is evidence to the contrary.  The record indicates plaintiff was seen by Dr. Burns on the day he alleges he was denied treatment.

Further, there is no evidence of disfigurement to plaintiff's leg as alleged.  A small Baker's cyst was found on plaintiff's knee.  According to the Merck Manual, a Baker's cyst produces swelling and tenderness.  The Merck Manual of Diagnosis and Therapy 283-4 (Mark H. Beers, M.D. et al. eds., Merck Research Lab. 18th ed. 2006).  This does not indicate a medical need so serious that surgery is warranted.

Additionally, plaintiff's claim also fails to establish a triable question of fact with respect to the second prong of the deliberate indifference standard because he received adequate treatment for his injuries.  With the exception of plaintiff's assertions, the record is absent of any recommendation for surgery.  Plaintiff received treatment for his injuries including steroid injections and pain relief designed to last for six weeks.

Plaintiff was treated by Dr. Burns from the beginning of his injury.  When plaintiff's complaints of pain continued, Dr. Burns referred him to a specialist and ordered an MRI.  After plaintiff's second injury, Dr. Burns provided a knee sleeve and ordered an x-ray.  Dr. Freeman, a specialist, saw plaintiff four

10

times and provided injection therapy and pain medication.

In Durmer, the triable issue of fact for a claim of deliberate indifference was the intent of the doctor in delaying treatment. 991 F.2d 64, 69. In that case, at least two other physicians recommended physical therapy yet the physician for the prison system delayed treatment. Id. at 68. Contrasted with the present matter, no physician has indicated that surgery is necessary for plaintiff. While plaintiff maintains that Dr. Freeman found surgery to be medically necessary, the record reflects that, instead, Dr. Freeman found plaintiff was likely "maximizing his complaints." Since the plaintiff has failed to establish triable issues of fact for either prong of his deliberate indifference claim, the defendant's motions for summary judgment are granted.

## B. State Law Claims

Plaintiff has failed to attach an affidavit of merit to his complaint as required by state law in a medical negligence claim. 18 Del.C. § 6853. Plaintiff's complaint does not fall within one of the three exceptions outlined in the statute. Id. "A defendant is entitled to summary judgment if, after adequate time for discovery, 'the record unambiguously reflects that the plaintiff's allegations are not and will not be supported by any expert medical testimony.'" Froio v. DuPont Hosp. for Children, 816 A.2d 784 (Del. Supr. 2003) citing Burkhart v. Davies, 602

11

A.2d 56,59 (Del. Supr. 1991). Discovery in this matter was to be completed by June 8, 2006. (D.I. 64). No affidavit of merit was attached to the complaint, or filed thereafter; additionally, no medical expert has been identified by plaintiff. Accordingly, the state law claims against defendants are dismissed and Dr. Freeman's motion for summary judgment on this issue is granted.

## C. 28 U.S.C. § 1915

The claim against Major Hughes will be dismissed as frivolous pursuant to 28 U.S.C. § 1915 for two reasons. As discussed above, there is no evidence to support plaintiff's claim of deliberate indifference as his injuries were not sufficiently serious and he received adequate medical care. Second, plaintiff proffers no specific allegations of alleged misconduct on behalf of Major Hughes. (D.I. 2) Since the complaint refers to Major Hughes as the one who "oversees departmental operation" it is evident plaintiff wishes to hold him liable in his supervisory position. Id. However, supervisors cannot be held liable for actions conducted in their supervisory roles. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Durmer, 991 F.2d 64 (3d Cir. 1993). Therefore, summary judgment for Major Hughes is appropriate.

12

## V.   CONCLUSION

For the reasons stated, defendants Harry M. Freeman and
Roberta F. Burns' motions for summary judgment are granted.  The
claim against Major R.L. Hughes is dismissed.  An order shall
issue.