IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFERY ALONZO SIMMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 04-1205-SLR |
| ) | |
| HARRY M. FREEMAN, M.D., ) | |
| ROBERTA F. BURNS, M.D., and ) | |
| MAJOR R.L. HUGHES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM ORDER**

At Wilmington this 29th day of January, 2010, having considered plaintiff's motions to reopen his case and for a hearing and the papers submitted in connection therewith;

IT IS ORDERED that said motions (D.I. 124, 125) are denied for the following reasons:

1. On October 23, 2006, defendants' motion for summary judgment was granted. (D.I. 104, 105) Plaintiff's motion for reconsideration was denied on February 7, 2007. (D.I. 106, 107, 109) Judgment was entered in favor of defendants and against plaintiff on August 22, 2007. (D.I. 110)

2. Over a year after judgment was entered, the Clerk of Court advised the parties that the case file was being prepared for archiving and that all sealed documents could be retrieved before the file was shipped for storage. (D.I. 111) The

docket reflects that two sealed documents were returned.

3. Approximately ten months later, plaintiff filed a letter, apparently related to his underlying state conviction. (D.I. 112) Subsequently, plaintiff filed seven letters, some related to the underlying action at bar and some unrelated. (D.I. 113, 115, 116, 117, 118, 120, 122) In response, the Clerk of Court sent plaintiff copies of the docket sheet, explained the case at bar was closed, and indicated where forms to file a new complaint could be found. (D.I. 114, 119, 121, 123)

4. On January 15, 2010, plaintiff moved to reopen his case and for a hearing. (D.I. 124, 125) Although both motions invoke the appropriate labels, e.g. motion to reopen and for a hearing, the pleadings fail to provide any factual information, statements or legal authority from which the court may glean the basis for the relief requested.

5. A motion for reconsideration is to be filed within 10 days of the court's decision or opinion. Fed. R. Civ. P. 56(e). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment only if the movant demonstrates at least one of the following: (1) a change in the controlling law; (2) availability of new evidence not available when the decision was rendered; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. *See id.*

6. The court finds plaintiff's motions are untimely and, alternately, fail to demonstrate factors warranting reconsideration, especially considering that over three years have passed since the court granted summary judgment and that this is the

second occasion the court has considered reconsideration:  **FURTHER REQUESTS FOR RECONSIDERATION OR TO REOPEN SHALL BE DEEMED DENIED WITHOUT REVIEW BY THE COURT.**

United States District Judge